## Mantell *v.* Echard et al. Appellants.

*Practice, Supreme Court—Verdict against weight of evidence—Motion for new trial—Refusal—Failure to assign as error—Appeal—Dismissal.*

1. On appeal from a judgment for plaintiff rendered in an action upon a promissory note, the Supreme Court will not reverse, although they may be of the opinion that the verdict was against the weight of the evidence, where there is no assignment of error complaining of the refusal of the lower court to grant a new trial.

2. Where in such case the defense was that the note was a forgery, the note was nevertheless admissible in evidence, when its execution was testified to by a subscribing witness, and an assignment of error, complaining of the admission of the note in evidence was without merit.

Argued May 7, 1917. Appeal, No. 221, Jan. T., 1916, by defendants, from judgment of C. P. Fayette Co., Sept. T., 1913, No. 260, on verdict for plaintiff in case of Frank Mantell v. T. B. Echard and W. A. Bishop, Executors of the last will and testament of Alexander B. Morton, deceased. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note. Before REPPERT, J.
The facts appear by the opinion of the Supreme Court

Verdict for plaintiff for $6,445 and judgment thereon. Defendant appealed.

*Error assigned* was the admission in evidence of the note upon which the action was brought.

*H. L. Robinson,* of *Umbel, Robinson, McKean and Williams,* for appellants.

*Charles A. Tuit,* for appellee.

PER CURIAM, May 22, 1917:

The defense in this case was that Alexander B. Morton had not signed the note upon which plaintiff brought suit. It was admitted in evidence upon the testimony of G. Mantello, that he had signed it as a subscribing witness to its execution at the request of the decedent. In the face of strongly persuasive evidence that the note was a forgery, the jury found that it was not; but on this appeal we cannot disturb their finding, because no complaint is made of the court's refusal to grant a new trial. The single assignment of error is to the admission of the note in evidence. Under Mantello's testimony its execution by the deceased was for the jury, and to them the single issue was submitted as to the genuineness of A. B. Morton's signature. In the light of strong evidence submitted by the defense, followed by a charge directing the attention of the jury to it, the verdict may well be regarded as an untrue finding, but there is no assignment asking us to disturb it, and the judgment on it must, therefore, be affirmed.

Judgment affirmed.